The People v. Lachota, 185 Ill. App. 201.

---

## The People of the State of Illinois, Defendant in Error, v. Mary Lachota, Plaintiff in Error.

### Gen. No. 19,515.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed February 17, 1914. Rehearing denied March 2, 1914.

### Statement of the Case.

Proceeding on information by The People of the State of Illinois against Mary Lachota for abetting and conniving in the delinquency and dependency of her minor child. A judgment of conviction was entered on a plea of guilty, which judgment defendant attempted to have vacated on the ground of a variance between the information and the judgment. The motion to vacate being denied, she brings error.

GEORGE W. BLACKWELL, for plaintiff in error.

MACLAY HOYNE, for defendant in error; FRANCIS E. HINCKLEY and EDWARD E. WILSON, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. CRIMINAL LAW, § 371*—*what constitutes a variance between information and judgment.* Under an information charging that

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

defendant, being the parent of a certain child, "did unlawfully, wilfully and knowingly encourage, aid, cause, abet, connive to the dependency and delinquency to said child, contrary to form of the statutes, etc , a judgment, based on a plea of guilty, reciting that "said defendant is guilty of contributing to the delinquency" of said child is erroneous as not responding to the averments of the information.

2. CRIMINAL LAW, § 409*—*how variance between information and judgment raised.* A motion to vacate a judgment entered on a plea of guilty raises the question as to whether defendant was adjudged guilty of the offense charged in the information.

